IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONDA M. DAVIDSON                                          PLAINTIFF

       v.                      CIVIL NO. 13-5004

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Ronda M. Davidson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on February 13, 2007, alleging an inability to work since January 1, 2005, due to osteoarthritis, degenerative disk disease, post traumatic stress disorder, chronic low back pain, bipolar disorder, and schizophrenia. (Tr. 194, 197, 250). An administrative hearing was held on April 24, 2008, at which Plaintiff, after being informed of her right to representation, testified without the assistance of a representative. (Tr. 34-52).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

In a written decision dated September 30, 2008, the ALJ found Plaintiff had not been under a disability from January 1, 2005, through the date of the decision. (Tr. 89-98). On November 5, 2008, with the assistance of counsel, Plaintiff filed a written request for review of the ALJ's September 30, 2008, decision. (Tr. 125).

As a result of subsequent applications for DIB and SSI filed by Plaintiff on August 25, 2009, Plaintiff was found to be disabled beginning on August 6, 2009. (Tr. 214, 217, 138-143).

On October 5, 2010, the Appeals Council issued an Order remanding Plaintiff's February 13, 2007, applications, to an ALJ. (Tr. 100-103).

On February 17, 2011, a supplemental hearing before the ALJ was held, at which Plaintiff appeared with counsel and testified. (Tr. 53-81). At this hearing, Plaintiff amended her alleged onset date to September 1, 2005. (Tr. 56). Therefore, the relevant time period is September 1, 2005, through August 5, 2009.

By written decision dated May 27, 2011, the ALJ found Plaintiff was not disabled prior to September 1, 2005,[2] but that Plaintiff became disabled on March 20, 2009, and remained disabled through the date of the decision. (Tr.14). For DIB purposes, the ALJ noted Plaintiff maintained insured status through December 31, 2010.[3] (Tr. 14). The ALJ found that since the amended alleged onset date September 1, 2005, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disk and joint disease of the lumbar spine, obesity, a mood

---

[2] The Court notes that the ALJ used the January 1, 2005, date as the onset date in the body of the decision. As noted above, Plaintiff amended her onset date to September 1, 2005.

[3] During the supplemental hearing on February 17, 2011, there was discussion that Plaintiff's date last insured was December 31, 2007. (Tr. 60). Some of the exhibits indicate Plaintiff's date last insured as December 31, 2007, while other exhibits indicate the date last insured as December 31, 2010. (Tr. 200, 225, 247, 297, 392).

-2-

disorder, bipolar disorder, an anxiety disorder, and borderline personality disorder. The ALJ determined that beginning on March 20, 2009, the established onset date of disability, Plaintiff had the following severe impairments: Guillain-Barre Syndrome, degenerative disk and joint disease of the lumbar spine, obesity, a mood disorder, bipolar disorder, an anxiety disorder, and borderline personality disorder. (Tr. 16).

After reviewing all of the evidence presented, the ALJ determined that since the amended alleged onset date, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found that, prior to March 20, 2009, Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she could only occasionally climb, balance, kneel, stoop, crouch, and crawl. Further, the claimant was limited to work where interpersonal contact was incidental to the work performed; where the complexity of tasks was learned by rote, with few variables and little judgment required; and where supervision required was simple, direct, and concrete.

(Tr. 19). With the help of a vocational expert, the ALJ found that prior to March 20, 2009, Plaintiff could perform work as a poultry production worker, a production line assembler, and a sewing machine operator. (Tr. 27, 382).

The ALJ found that since March 20, 2009, Plaintiff retained the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she cannot climb, balance, kneel, stoop, crouch, and crawl; and cannot ambulate effectively for more than short distances without an assistive device. The claimant is limited to work where interpersonal contact is incidental to the work performed; where the complexity of tasks is learned by rote, with few variables and little judgment required; and where supervision required is simple, direct, and concrete. Further, due to pain, fatigue, and other symptoms, the claimant is unable to complete an 8-hour workday on a regular and continuing basis.

(Tr. 25). The ALJ found that as of March 20, 2009, Plaintiff was disabled and continued to be disabled through the date of the decision. (Tr. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 8, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 12). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Plaintiff argues the following issue on appeal: 1) the ALJ failed to fully and fairly develop the record; 2) the ALJ erred in his severity determination; 3) the ALJ erred in determining Plaintiff's credibility; and 4) the ALJ erred in determining Plaintiff's RFC.

#### A. Fully and Fairly Develop the Record:

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

#### B. Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ found some of Plaintiff's alleged mental impairments were non-severe, the ALJ clearly considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. (Tr. 15); See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). Thus, the ALJ's finding that some of Plaintiff's alleged mental impairments were not "severe" impairments does not constitute reversible error.

    **C.**    **Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our

touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that, during the time period in question, Plaintiff sought treatment for back pain after flipping a canoe; that Plaintiff reported she was taking care of her ex-husband's two children; and that Plaintiff was doing all of the cooking and cleaning for her ex-husband, his children and the children's aunt with whom Plaintiff was living. (Tr. 672, 714-715). When questioned about taking care of her mother by the ALJ, Plaintiff testified that she had missed an appointment because her ex-husband took Plaintiff to see her mother who was in the hospital. (Tr. 75). However, Plaintiff reported to Dr. Janet Stannard in March of 2008, that she returned to Arkansas from Missouri, where she had lived for almost five years, to take care of her mother. (Tr. 706).

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The record revealed that during the relevant time period Plaintiff was also able to come up with the funds to support her daily smoking habit, as well as her use of marijuana. (Tr. 518, 620).

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433,

436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### D.     The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined that prior to March 20, 2009, Plaintiff maintained the RFC to perform light work with limitations. The ALJ discussed the medical opinions of examining, and non-examining medical professionals, including the opinions of Drs. Judith McGee, Thomas Davant Johns, N. Dulap, and Elbert H. Cason, and set forth the reasons for the weight given to the

opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the time period in question.

### E. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that during the relevant time period Plaintiff's impairments did not preclude her from performing work as a poultry production worker, a production line assembler, and a sewing machine operator. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 28th day of February, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE